THIRD DEPARTMENT, OCTOBER, 1969

(October 20, 1969) █

█ In the Matter of WARREN J. McDOWELL, Appellant, v. SEYMOUR WER-
BALOWSKY et al., as Commissioners of the Board of Election of the County of
Ulster, Respondents, and GEORGE MAJESTIC, Respondent.— *Per Curiam.* Order
of the Supreme Court at Special Term, entered October 16, 1969 in Ulster
County, which, in a proceeding under section 330 of the Election Law, permitted
the Committees on Vacancies of the Democratic Party and the Anti-Sales Tax
Party to file certificates designating respondent Majestic as their candidate for
the office of Supervisor of the Town of Gardiner to fill a vacancy, affirmed
without costs. Since said respondent's purported designation as a candidate for
the office of county legislator has been invalidated, he is no longer disqualified
as a candidate for the town office. Herlihy, P. J., Reynolds, Greenblott, Cooke
and Sweeney, JJ., concur in memorandum *Per Curiam.*

FOURTH DEPARTMENT, JANUARY, 1970

(January 8, 1970)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAY JUNIOR
HALE, Appellant.— Order unanimously affirmed. Memorandum: We find no
defect in the indictment. Appellant presented no other question in his peti-
tion, and the County Court had before it only the indictment issue. We do not
consider the question of the validity of the plea, raised for the first time in
appellant's brief. (Appeal from order of Genesee County Court denying, with-
out a hearing, motion to vacate judgment of conviction for attempted grand
larceny, first degree, rendered October 25, 1960.) Present — Marsh, J. P.,
Witmer, Moule and Henry, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BURTON N. PUGACH,
Respondent, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Appellant.—
Judgment insofar as appealed from, unanimously reversed on the law and facts
and so much of the writs of habeas corpus which seek to have the sentences
for burglary and maiming to run concurrently, dismissed. Memorandum:
Upon conviction of burglary, second degree, and maiming, relator was sen-
tenced to terms of imprisonment to run consecutively. He contends that he
was subjected to double punishment in violation of section 1938 of the Penal
Law. The sentences were properly imposed (Penal Law, §§ 406, 2190, subd. 4).
(Appeal from certain parts of judgment of Wyoming County Court sustaining
writ of habeas corpus and remanding relator for further proceedings.) Present —
Marsh, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH
COAST, JR., Appellant.— Motion granted and order of this court entered June
19, 1969 [32 A D 2d 889] amended to state that certain constitutional ques-
tions were presented and passed upon. Present — Goldman, P. J., Marsh,
Witmer, Bastow and Henry, JJ.